Thomas M. CLARK, for himself and as next friend and guardian ad litem in behalf of Thomas Clark, minor, Plaintiff,

v.

Gerald L. BROWN, Defendant.

Civ. No. 6764.

District Court, Canal Zone,
Division Balboa.

Feb. 16, 1971.

E. J. Berger, Cristobal, Canal Zone, for plaintiff.

De Castro & Robles, Balboa, Canal Zone, for defendant.

CROWE, District Judge.

This cause came on regularly for trial on the 26th day of January, 1971, before the court without a jury, a jury trial having been waived by the parties, and E. J. Berger, appearing as attorney for plaintiff, and David deC. Robles, for defendant, and from the evidence introduced the court finds the facts as follows:

1. At about 3:30 p. m., October 25, 1968, while the minor son of plaintiff, then 11 years of age, was running between House 0823, Balboa, Canal Zone, assigned to defendant, and House 0821, about 30 feet east of defendant's home at a point about two or three feet beyond the eaves line on a cement walkway and retaining wall, said boy was bitten on the posterior position of his left thigh by a 75 pound German shepherd dog owned by defendant. The animal was chained to a house pillar about 15 feet within the eaves line and under the house and it had bitten another child about two months previously. The area was not fenced and is in a residential area; said boy was taking a short cut to catch a bus near his school rather than using the longer way around by paved sidewalks adjacent to public streets.

2. The boy was treated at Gorgas Hospital including a number of wire stitches and the cost of five outpatient visits amounted to $35.00. His trousers were torn for $10 damages. The wound left some scar tissue and occasionally has bled and at times "erupts" or discharges fluid. For about a week after being bitten the boy had some difficulty walking and pain in climbing stairs but there does not appear to have been any significant permanent disability. He lost one day from school for medical treatment.

As a conclusion of law from the foregoing facts, the court finds that plaintiff is entitled to judgment in the sum of $350.00 for pain and suffering, the sum of $35.00 for medical expenses, the sum of $10.00 for loss of a pair of trousers and the costs of the action and judgment has been accordingly entered.